## ALUMINUM CASTINGS CO. v. ROUTZAHN, Collector of Internal Revenue.

District Court, N. D. Ohio, E. D.   November 30, 1927.

No. 13751.

1. **Internal revenue** ⬤═7(20)—**Where income tax return was made on accrual basis, tax on profits on munitions in 1916 should have been deducted from 1916 income return, though paid in 1917 (Internal Revenue Act 1916, §§ 12 [a], 13 [d]).**

Where income tax return was made and books of account were kept on accrual basis, and not on basis of actual receipts and disbursements, deduction for tax paid on profits on munitions manufactured and sold in 1916 should have been included in income return for year 1916, even though not paid until 1917, under Internal Revenue Act 1916, §§ 12 (a), 13 (d), 39 Stat. 767, 771.

2. **Internal revenue** ⬤═25—**Taxpayer's declaration that income return was made on basis of actual receipts and disbursements was not controlling (Internal Revenue Act 1916, §§ 12 [a], 13 [d]).**

Taxpayer's declaration that its income return was being made on basis of actual receipts and disbursements was not controlling, in determining method of computation of income tax under Internal Revenue Act 1916, §§ 12 (a), 13 (d), 39 Stat. 767, 771.

3. **Internal revenue** ⬤═25—**Income return could not be regarded as made on basis of receipts and disbursements, because it was made according to practice prevailing when law required returns on that basis (Internal Revenue Act 1916, §§ 12 [a], 13 [d]).**

Income tax return, made after passage of Internal Revenue Act 1916, §§ 12 (a), 13 (d), 39 Stat. 767, 771, permitting returns to be made on basis on which taxpayer kept accounts, could not be regarded as made on basis of actual receipts and disbursements, because it was compiled and made in conformity to practice and rulings prevailing under prior revenue laws, when returns could not be made otherwise than on basis of actual receipts and disbursements.

4. **Internal revenue** ⬤═25—**Facts showed taxpayer's books were kept and income return was made on "accrual basis" (Internal Revenue Act 1916, §§ 12 [a], 13 [d]).**

Facts *held* to show that taxpayer's books were kept and its income tax return was made substantially on an accrual basis, rather than on basis of actual receipts and disbursements; books being kept on an "accrual basis" whenever entries are made of credits and debits as liability arises, whether then received or disbursed, so that tax must be computed on that basis, under Internal Revenue Act 1916, §§ 12 (a), 13 (d), 39 Stat. 767, 771.

5. **Internal revenue** ⬤═25—**Election to make tax returns on accrual basis results from what is done, notwithstanding taxpayer may disclaim such intention (Internal Revenue Act 1916, § 13 [d]).**

An election to make income tax return on accrual basis, rather than on basis of actual receipts and disbursements, as authorized by Internal Revenue Act 1916, § 13 (d), 39 Stat. 771, results from what is done, notwithstanding taxpayer may disclaim any such intention.

At Law.   Action by the Aluminum Castings Company against Carl F. Routzahn, individually and as Collector of Internal Revenue, to recover back taxes paid under protest.   Judgment for defendant.

M. B. & H. H. Johnson, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge.   This action is to recover back taxes paid under protest.   All jurisdictional conditions precedent are admitted.   Jury trial has been waived in writing.   The controversy involves the year in which should be deducted certain taxes on munitions manufactured by plaintiff. The answer turns on the proper construction of sections 12 (a) and 13 (d), Internal Revenue Act of 1916 (39 Stat. 767, 771).   This act was passed and became effective September 9, 1916.   During the remainder of that year, plaintiff manufactured and sold munitions, from which it derived certain profits, the tax on which, at the prescribed rate, aggregates $246,275.63.   It paid these taxes in July, 1917, and included the same as a deduction from its income return for the year 1917, instead of 1916.   The Commissioner of Internal Revenue later, upon auditing these returns, held that the tax should have been deducted from the income for the year 1916. The result of this transfer, together with certain corrections and credits for refunds, was an additional payment of $148,364.46, amounting, with interest, to $166,910.90, for which this action is brought.

The case is submitted partly on an agreed statement of facts and partly on oral and documentary testimony.   The dispute between the parties is as to whether plaintiff's accounts during 1916 were kept upon an accrual basis, and whether plaintiff made its return upon that basis, rather than upon the basis of actual receipts and disbursements.   The facts on which this issue turns are not really in dispute.   The difference between counsel turns rather upon an appreciation of well-established facts, or inferences properly deducible therefrom.

[1] In my opinion, this case is in principle controlled by United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347.   The distinction between that case and the present case is based upon slight differences in the facts, which are not controlling.   One of the

major points then in dispute was whether section 12 (a), despite section 13 (d), required munition taxes to be deducted from the year in which they were paid. It was strongly urged that the fourth paragraph of section 12 (a) did so require, and that the provisions of section 13 (d), authorizing income returns to be made upon the basis on which books were kept—i. e., an accrual basis—did not require the same to be deducted for the year during which the income subject thereto was being earned. It was held that, if the return was made on an accrual basis, as is permitted by section 13 (d), and not on the basis of actual receipts and disbursements, the deduction should be made for the year in which the income was earned, and not in which it was paid. This major question of doubt being thus put at rest, nothing now is left for determination, except whether plaintiff's●books of account for the year 1916 were kept on an accrual basis and its income return made on that basis.

My conclusion, briefly stated, is that plaintiff's books were so kept, and its income return was so made, and that its munition tax on profits earned in 1916 was properly deductible from its income for that year, even though not paid until in 1917. Books are kept on an accrual basis whenever entries are made of credits and debits as the liability arises, whether then received or disbursed. In so keeping books, many entries will appear on the basis of actual receipts and disbursements. In a business of any complexity, books must be so kept, in order to disclose correctly the actual state of business. In order to keep books on the basis of actual receipts and disbursements, credits yet to become due or obligations yet to be paid would have to be ignored. Likewise, in taking and entering inventory, work finished, but not sold, or work in process, supplies acquired, but not yet used, could not be included on a basis showing added value not yet received. Plaintiff's books were so kept.

The abstracts of counsel's argument and the opinion of Mr. Justice Stone in the Anderson Case set forth fully the history of the law as it bears on this controversy, and deal fully with all considerations necessary to be considered. It would serve no useful purpose to go over the same ground. It will be sufficient to state plaintiff's present contentions, as I understand them. Plaintiff admits that its books were kept on a mixed basis; i. e., partly of actual receipts and disbursements, and partly of accrued earnings and expenses. It contends, however, that its income return was made on the basis of actual receipts and disbursements, as is provided in section 12 (a); that section 13 (d) confers merely an option on the taxpayer to make his return otherwise than on the basis of actual receipts and disbursements; that it exercised this option to make its return on this basis, correcting, for that purpose, such entries in its books as were in the nature of accruals; and that, having so exercised this option, it was not within the power of the Commissioner of Internal Revenue to audit and correct its returns, so as to conform the same to a return made on an accrual basis, as contemplated by section 13 (d), even though its books of account, uncorrected, might have permitted a return on that basis. In support of these contentions are urged various considerations, of which only the most weighty need be noticed.

[2] First, plaintiff, in its income return, declares that it is made on the basis of actual receipts and disbursements. Obviously, the taxpayer's declaration that his income return is being made in a certain way is not controlling. This declaration must be tested by the actual facts. If these disclose that, in substance and effect, the return, as well as the books, is on another basis, the declaration must be disregarded. A basis of keeping books, or of making a return, cannot be made other than what it actually is by the taxpayer's declaration.

[3] Secondly, it is urged that plaintiff's income return was compiled and made in conformity to the practice and rulings prevailing under prior revenue laws, when returns could not be made otherwise than on the basis of actual receipts and disbursements. Section 12 (a) is substantially the same as the corresponding section of the Revenue Act of 1913 (38 Stat. 172). Section 13 (d) is a qualification of section 12 (a), appearing for the first time in the Revenue Act of 1916. Prior thereto the law did not authorize a return otherwise than on the basis of actual receipts and disbursements. As will appear from the abstracts of arguments and the opinion in the Anderson Case, the law was not susceptible of literal administration upon this basis. Consequently the taxing authorities had permitted the making of returns according to what is called a mongrel system. In other words, notwithstanding the law, the taxpayer was required to include accounts and bills receivable and enhancement of inventory by work in progress, or completed and not sold, as earnings, and was permitted to deduct therefrom bills payable and reserves and accruals established to take care of liabilities in process of accrual, but the

amount of which was not yet determined. As books of account in all businesses of any magnitude or complexity were usually kept on an accrual basis, the law probably could not have been administered in any other way. Under that law, returns thus made were regarded as made on the basis of actual receipts and disbursements. Plaintiff, in making its income return for 1916, adopted and followed that system. The argument is that, since what was done and accepted prior to the Revenue Act of 1916 as a return on the basis of actual receipts and disbursements, and since section 12 (a) is the same as the corresponding section of the prior law, its present return, made in the same form under the act of 1916, must likewise be regarded as made on the basis of actual receipts and disbursements.

[4] The argument is not without weight, but it was strongly urged in the Anderson Case, and was rejected. In substance, it is there held that section 13 (d) is a qualification of section 12 (a), and not only authorized the income return to be made in conformity to the taxpayer's method of keeping his accounts, provided they reflected clearly the net income, but, indeed, required the return to be so made, if the taxpayer was unable to make a return except on that basis, and also that, when he elected so to keep his books and so to make his return, he was bound by that election and must apply it consistently to all the items entering into the return. Of the purpose of this section, it was said: "It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period the expenses incurred in and properly attributable to the process of earning income during that period, and, indeed to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis." Such is plaintiff's situation.

Plaintiff entered on its books accounts and bills receivable whenever a credit arose in its favor, regardless of the time when it might be received. It included in its inventory the increased value due to expenditures made in connection therewith. For instance, this inventory shows finished castings not sold, in the sum of $343,792.12; work in progress, in the sum of $77,742.10; supplies and material on hand, in large amounts. As I understand the situation, all entries on the asset side of plaintiff's balance sheet are made strictly on an accrual basis, and this applies equally to its income return. Likewise on the liability side are entered accounts payable, including unpaid labor and accrued taxes. Reserves are set up for commissions, legal expenses, unadjusted claims, liability and other insurance, and taxes, aggregating $313,475.39. Included in this aggregate is an item of $108,006.55 for federal income tax. It is testified that no reserve was set up for the munitions tax, but it appears that plaintiff at that time questioned whether its product was of such a nature as to be subject to that tax.

[5] Plaintiff's income return conforms to its books as thus kept, with certain limited exceptions. It did not deduct in its return the full reserve of $108,006.55 set up for federal income tax, but only the amount of taxes actually paid during the year 1916. It did not deduct all of the other amounts set up as reserves. It may even be conceded that the other reserves were disregarded, except so far as actually used or necessary to discharge liabilities actually paid during 1916, or the amount of which was definitely ascertained. The fact remains, however, that plaintiff's books were kept and plaintiff's return was made substantially upon an accrual basis. It is probable that plaintiff could not have made an income return on a strict basis of actual receipts and disbursements. Section 13 (d), as was said in the Anderson Case, was enacted to meet this situation. Its effect is to compel a departure from the practice followed prior to 1916, whenever the taxpayer keeps his books or attempts to make his return otherwise than on a strict basis of receipts and disbursements, or when he is not able to make it in that way. An election results from what is done, notwithstanding the taxpayer may disclaim any such intention.

As I understand the facts of the Anderson Case, they were not substantially different from the facts of this case. The difference most strongly stressed is that in the Anderson Case, a reserve, beginning with September, 1916, was in fact set up to take care of the munitions tax; whereas, in this case none was set up, owing probably to the plaintiff's belief that its product was not subject to the munitions tax. But in the Anderson Case that reserve was closed out by entry made December 31, 1916. A distinction cannot be based upon an entry thus made, and later corrected, and a mere failure to make any entry at all. The controlling facts of the two cases are the same.

It results from these views that judgment, with costs, should be entered for the defendant. Findings of fact were requested and

will be made. Judgment will be withheld, so as to permit the findings to be settled in conformity to District Court rule 34. All proper exceptions will be allowed.