Graham, Judge,
delivered the opinion of the court:
This case has been heard heretofore by this court and a judgment entered dismissing the petition. Thereafter a cer-tiorari was granted by the Supreme Court, and, before a hearing, the following order was entered by that court:
“ The motion is granted, and the cause is remanded for additional findings by the Court of Claims from the evidence *447 already introduced before the Court of Claims in respect to the outlay in bonds or money required to be deposited by the petitioner herein in securing a stay of the execution of the judgment against the petitioner in the suit against it by the United States in the United States District Court for the Eastern District of Wisconsin and in the Circuit Court of Appeals for the Seventh Circuit.”
The findings have been amended in compliance with that order.
It is to be assumed that the language “ the suit against it by the United States in the United States District Court for the Eastern District of Wisconsin ” refers to a suit against the plaintiff in that court by Fred E. Lee, administrator of the estate of Arthur K. Beckwith, as there is nothing in the record in regard to a suit in that court by the United States against plaintiff. There is a suit by Lee against plaintiff.
On January 15, 1918, the District Court for the Eastern District of Wisconsin entered a decree finding and adjudging the plaintiff Therein entitled to a judgment of $109,665.54. 'On February 25,1918, plaintiff here gave notice of an appeal, and on March 6, 1918, an order was entered allowing the appeal and ordering a stay of execution conditioned upon the furnishing of a supersedeas bond in the sum of $120,000. Before the entry of the decree plaintiff stipulated with third parties for the acceptance of a bond executed by it and said parties, provided plaintiff should cause to be deposited and kept undisposed of $135,000, par value, United States Liberty bonds. The agreement, copy of which is attached to the petition, was executed by plaintiff and a trust company, and the attorney for plaintiff in that suit noted on said agreement his consent to the approval of the bond, upon the filing with the court of the receipt of the trust company showing the deposit of the bonds.
The agreement with the trust company recited that plaintiff had deposited $135,000 in bonds and agreed that the trust company should keep and hold said bonds, collect the interest thereon as it matured, and add such interest to the principal of said bonds to be subject to the uses for which said bonds were applicable, and that if the United States Circuit Court of Appeals wholly reversed said judgment and awarded a *448 decree in favor of the plaintiff herein, then the trust company should deliver all of said bonds, with accrued interest, to the plaintiff, but that if said judgment should be affirmed, either in whole or in part, so that the same should be immediately payable and the liability of the plaintiff herein and the sureties on the bonds became due and payable in all respects, then the trust company, upon the filing of the mandate of the court of appeals in the district court, and upon notice of the fact, should immediately sell or cause to be sold all or so many of said bonds as might be necessary and apply the proceeds thereof, or so much as might be necessary, toward the entire satisfaction of the liability of the plaintiff upon said supersedeas bond, paying the surplus after deducting its reasonable costs, expenses, and compensation to the plaintiff.
On March 15,1920, the decree of the lower court was modified by the circuit court of appeals by increasing the judgment to $126,461.17 and providing for the recovery by the plaintiff in that suit of this amount with interest on the costs theretofore taxed and on the amount of the modified decree from January 15, 1918, a total as of March 15, 1920, of $146,049.73, for which sum decree was entered. Plaintiff herein paid this judgment on March 22, 1920, in the sum of $146,220.11, and the bonds deposited with the trust company were returned to it.
The plaintiff accrued for the year 1918 on its books as a loss or expense the amount of this judgment with interest at the rate of 6% from the date of entry to December 31, 1918, a total of $115,971.31, and at the close of the year 1919, acting on the advice of the attorney who represented it in said suit, the plaintiff, in order to provide for any increase in the judgment, accrued on its books an additional sum of $29,028.67, making a total of $144,999.98.
The plaintiff made its return for 1918 on the accrued basis, and on April 26,1923, the Commissioner, of Internal Revenue refused to allow the sum thus accrued as a loss or expense, and assessed against plaintiff a tax of $33,023.86 in respect to its income for 1918. The commissioner also disallowed said accrual of $29,028.67 for the year 1919 and assessed an additional tax of $925.89 for that year. These two sums *449 were paid by plaintiff under protest, and it is to recover them .that this suit is brought.
The additional findings, responsive to the order of the Supreme Court, show that there was an “ outlay ” of bonds amounting in 1918 to $135,000, which was more than the amount of the accrual for tha;t year by the plaintiff. The question arises whether under the circumstances of this case this outlay was a proper accrual under the statute. The plaintiff kept its books on an accrual and not a cash basis. It could have paid this judgment and taken an appeal, or it could have put a sum of money in escrow sufficient to pay it, or it could have done what it did — pledge in trust United States bonds in a sum sufficient to guarantee the payment of the judgment should the judgment of the higher court be adverse. In any event it would seem that the result would be the same. Had it paid this judgment and taken an appeal, it would undoubtedly have been entitled to accrue the amount paid. Had it put the money in escrow, the same would be true. See Becker Brothers v. United States, 7 Fed. (2d) 3, 8, a case similar to this, where it was held that the amount of the judgment was accruable. While these bonds were not cash, they were the equivalent of, and readily convertible into, cash. As far as plaintiff is concerned its financial position was as much affected by the deposit of the bonds as it would have been by the deposit of the money. It could have sold the bonds and realized the cash,, and in putting them in trust it destroyed their availability as an asset in its business as completely as if their value in cash had been withdrawn from its treasury.
We are of opinion that the accrual in the year 1918 for the deposit of the bonds was proper, and that plaintiff is entitled to recover the sum assessed against it for that year of $33,023.86.
As to the accrual of $29,028.67 for 1919 on the advice of its attorneys to meet a possible increase in the judgment on appeal, no facts had occurred in regard to this, within the knowledge of the plaintiff, to justify an accrual. It was merely a precautionary measure based upon no known fact, but upon a possibility, a speculation. We do not think that *450 this sum was accruable, and as to this plaintiff is not entitled to recover.
Judgment will be entered for plaintiff in the sum of $38,023.86, with interest from May 7, 1923, to date of judgment. It is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GREEN, Judge, took no part in the decision of this case.