CLARK DREDGING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39566.   Promulgated May 29, 1931.

*William S. Hammers, Esq.*, for the petitioner.

*Miles J. O'Connor, Esq.*, and *E. L. Updike, Esq.*, for the respondent.

506

510

OPINION.

STERNHAGEN: 1. The petitioner claims a deduction in 1924 of $85,000 in respect of the cash and bonds which it deposited with the

sureties to meet the demand of the United States for reimbursement of the increased cost of performing the work contemplated by the Miami Bar contract of the Bowers Company. It is not stated upon which of the enumerated statutory provisions the claimed deduction is based, and, when we come to describe the situation in 1924, the difficulty of bringing it within the statute may explain the failure to define the claimed deduction. What happened in 1924 was not a payment, but a deposit to assure the fulfillment of one of the obligations assumed in 1922 when the petitioner took over the properties of the Bowers Company. Clearly there was no loss or expense in 1924, and no basis for a deduction in that year. The respondent is sustained.

2. The petitioner claims a deduction in 1925 said to represent the amount accrued in that year of the liquidated damages of 100 pounds a week provided for delay in performance of the Nassau dredging contract. The computation is apparently made upon the assumption of par value of the pound, although the evidence does not show the value of exchange. The evidence shows the delay, the contract for liquidated damages, that there was no demand therefor or admission of liability or accounting entry or deduction taken or claimed, and that there was some sort of a supplemental contract. In our opinion, the amount is not deductible in 1925. *Lucas* v. *American Code Co.*, 280 U. S. 445.

3. The respondent affirmatively pleads an error in his determination and claims *pro tanto* an increase in the deficiency. The gist of this claim is that, since petitioner and the Bowers Company were separate corporations, the losses of the Bowers Company may not be carried forward to affect the income of the petitioner. This is plainly true and results necessarily in the elimination of the 1921 loss of $88,672.17 from the computation of petitioner's loss or income of later years. *Maytag Co.*, 17 B. T. A. 182; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Mfg. Co.*, 22 B. T. A. 105.

But as to 1922, petitioner was in existence for four months. During that period it seems to have had a loss. Respondent recognized that loss to be $109,020.89, which he now pleads to be excessive. But the evidence does not affirmatively support his claim. It must be proven in fact, and it is not sufficient to say that since petitioner was only in existence during one-third of the year, a like proportion of the year's loss is the maximum chargeable to it. Such a mathematical apportionment may not be taken as fact; and since the burden is on respondent, the omission falls upon him. The actual loss of petitioner after September 1, 1922, may in fact have

been $109,020.89, and since that was determined in the notice of deficiency as petitioner's loss, it should be used in redetermining the deficiencies for 1924 and 1925.

*Judgment will be entered under Rule 50:*