## INSURANCE FINANCE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6051.

Circuit Court of Appeals, Third Circuit.

May 22, 1936.

George J. Edwards, Jr., of Philadelphia, Pa., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and S. Dee Hanson and Sewall Key, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. In June, 1932, a judgment was entered against the petitioner in favor of one Finley. The petitioner took an appeal. The Fidelity & Deposit Company of Maryland became surety on the appeal bond. The petitioner purchased bonds valued at the amount of the judgment and deposited them with the surety company. It set up a reserve on its books for 1932 in a sum equal to the amount of the judgment and costs. The judgment was affirmed in 1932, and in January, 1933, the surety company sold the bonds deposited with it by the petitioner and paid the judgment. The petitioner deducted this amount in its 1932 income tax return on the theory that the loss had been conclusively determined in December, 1932, when the judgment was affirmed. The deduction was disallowed by the Commissioner on the theory that, since the petitioner kept its books on the cash receipts and disbursements basis, it did not suffer its loss until the actual payment of the judgment by the surety company in 1933.

The two most common accounting methods for tax purposes are the accrual method and the cash receipts and disbursements method, sometimes designated the cash receipts method. Under the former method, entries are made of credits and debits when the liability arises, whether or not then received or disbursed, whereas, under the latter, credits yet to become due or obligations yet to be paid are ignored. Aluminum Castings Co. v. Routzahn (D.C.) 24 F.(2d) 230. The successive Revenue Acts have been consistent on this point. Section 43 of the Revenue Act of 1932 (47 Stat. 169, 185) provides that credits shall be taken for the taxable year in which "paid or accrued" or "paid or incurred," depending upon the method of accounting used in computing the taxpayer's net income. Sec-

tion 48 (c) of the Revenue Act of 1932 (47 Stat. 188) provides that the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting used in computing the taxpayer's net income. It is undisputed that the petitioner kept its books on the cash receipts and disbursements method. Deductions and credits could therefore be taken by the petitioner for the taxable year in which payments were actually made. As pointed out by the Supreme Court in United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L. Ed. 799, the gross income of one year is not to be diminished by deductible items disbursed in a later year, even if accrued in the taxable year. Since the petitioner reported its gross income for the year in which actually received, the same method should be followed on the other side of the account and deductions taken for the year in which they were in fact paid. The petitioner argues that the purchase and deposit in 1932 of those bonds which were eventually sold to pay the judgment was equivalent to the payment of the judgment in 1932. We think this is contrary to the actual facts. If the judgment had been reversed rather than affirmed in the appellate court, obviously there would have been no necessity for the petitioner to pay the same, and the fact that it had already purchased bonds and deposited them in escrow to meet the contingency of an affirmance would not have been sufficient to amount to an allowable deduction. In view of the method of accounting chosen for proper reflection of its income, consistency as well as statutory command requires that no deduction be taken by the petitioner until the year in which the judgment was actually paid, namely, 1933. The cases relied upon by the petitioner for a contrary ruling are Becker Bros. v. United States (C.C.A.) 7 F.(2d) 3, and Malleable Iron Range v. United States, 65 Ct.Cl. 441. The Malleable Iron Case may be distinguished on the ground that there the taxpayer kept its books on the accrual basis, and in the Becker Bros. Case the record does not disclose what method of accounting was used by the taxpayer. The petitioner's income is most clearly reflected by restricting the deduction for the payment of the judgment to that year in which the judgment was paid.

The decision of the Board of Tax Appeals is therefore affirmed.