## COMMISSIONER OF INTERNAL REVENUE v. SOUTHEASTERN EXPRESS CO.

### No. 6399.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1932.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Harry L. Greene and Sanders McDaniel, both of Atlanta, Ga., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

During the World War all railway express companies in the United States were consolidated, and after the consolidation the American Railway Express Company was the only one in the country until May 1, 1921, when the Southeastern Express Company began to do business over what is called the Southern Railway System located principally in territory south of the Ohio and Potomac rivers and east of the Mississippi, although it also operated over an electric railway line from Washington to Baltimore, and over the line of the Maryland & Pennsylvania Railway Company from Baltimore to York, Pa. The territory selected by the Southeastern was promptly abandoned by the American. The Southeastern attempted to concur in the tariffs of the American. But the American thwarted this attempt by supplementary tariffs, by which it made through routes and joint rates applicable only between its own exclusive offices and the exclusive offices of the Southeastern, and thus continued its monopoly between common points, charging its local rates and taking the long haul on the theory that it was a carrier by railroad within the meaning of the Interstate Commerce Act as amended. After hearings, upon applications made by the Southeastern and certain shippers, the Interstate Commerce Commission in July, 1923, entered an order requiring the American to establish and maintain through routes and joint rates between its exclusive points north and east of Washington, and all points on the main line of the Southern Railway from Washington to Birmingham, with right of transfer at Washington. Southeastern Express Co. v. American Railway Express Co., 78 I. C. C. 126; Id., 81 I. C. C. 247. This order was contested in the courts, but was finally sustained in 1924 by the Supreme Court. United States v. American Railway Express Co., 265 U. S. 425, 44 S. Ct. 560, 68 L. Ed. 1087. In 1924 the American paid the Southeastern about $208,000 in settlement of the controversy between them. The Southeastern kept its books on the accrual basis, and accrued as income for the year 1921 $51,300 out of the total amount which it received in 1924 in its settlement with the American. The Board of Tax Appeals decided that it was entitled to do this. 19 B. T. A. 490. The Commissioner of Internal Revenue has filed a petition for review, and contends that the whole amount received in settlement by the Southeastern should be treated as income in 1924, the year in which it was actually received.

The returns of taxpayers, whether upon cash or accrual basis, must clearly reflect income. Revenue Act of 1921, § 212 (b), 42 Stat. 237. The Southeastern did not earn the amount of $51,300 which it entered on its books in 1921, but would have earned that amount if it had been permitted to share with the American the existing rates over the through route, which it was contending should be, but which had not been, established. Whether the through route would ever be established was uncertain, and was dependent upon the future determination by the Interstate Commerce Commission that such a route was necessary or desirable in the public interest. 49 USCA § 15 (3). It follows that the Southeastern in 1921 had only a claim which ripened into a definite right in a later year. A mere contingent claim, especially a

contested one, whether of loss or gain, may never be sustained or realized; it is too uncertain to be considered in making up an income tax return. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538; Lucas v. North Texas Lumber Co., 281 U. S. 11, 50 S. Ct. 184, 74 L. Ed. 668; Lucas v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.