## FARRELL v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. FARRELL.

### No. 10303.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1943.

Rehearing Denied April 10, 1943.

John Enrietto, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Maryhelen Wigle, Sewall Key, and Samuel H. Levy, Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The question for decision is whether the sum of $402,672.83, received by J. E. Farrell in 1936, was taxable to him as income of that year.

The money was paid to Farrell under these circumstances: In 1931 the taxpayer and his wife owned as community property an undivided one-half of a seven-eighths working interest in oil and gas leases covering lands in Gregg County, Texas. The lease interests were sold in that year, and a portion of the purchase price was payable to the assignors from the first one-fourth of the working interest. The value of the leases in 1931 was speculative and uncertain. On August 8, 1931, Mrs. Farrell secured a divorce, and, in lieu of a partition of their community property, she agreed to accept and the decree awarded her the sum of $750 each month for life. Subsequent to her marriage to Albert Burguieres four days later, she and her husband ratified and affirmed the property settlement agreement, conveying to Farrell all her interests in amounts payable under the sale of the lease interests.

On July 5, 1933, Mrs. Burguieres sued the taxpayer and Yount-Lee Oil Company, assignee of the lease contracts, alleging that the property settlement agreement had been procured by fraud. She asked that one-half of the oil-payment interests under the assignment contract be restored to her; that she have personal recovery against Farrell to the extent that her interest in the community estate had been wasted and depreciated; that the court fix a lien upon Farrell's one-half of the oil payments to secure reimbursement to her of damages sustained by reason of the dissipation of the community estate; and that Farrell be enjoined from receiving any further payments from Yount-Lee, and from disposing of any of the community estate remaining in his hands, pending the outcome of the litigation.

In view of this suit, Yount-Lee and its successor were apprehensive lest it incur liability by paying out contested funds, and it declined to pay Farrell any money under the oil-payment contract during the pendency of the litigation, but held the funds and credited same to an account set up in Farrell's name. A final decree in favor of Farrell was entered in 1936, and thereupon Farrell was paid the sum of $402,672.83, the aggregate of the sums due him for oil run in 1933, 1934, and 1935. The question is whether this money was income taxable in 1936, the year in which it was received by Farrell, or whether it was taxable in the prior years when the oil was run.

■■ In each of the years involved, the taxpayer made his tax returns on the cash basis. Since the decision in North American Oil Consolidated Co. v. Burnet, 286 U. S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, it has been settled that income is taxable when it has been actually or constructively received, and that no tax is due with respect to income that has not been and may never be received.[1] Yount-Lee was enjoined from making any oil payments to the taxpayer from July 5, 1933, until June 8, 1934, and continuously thereafter until 1936 it refused to pay over any sums unless and until equal amounts of cash were deposited by Farrell to insure it against liability. The income in question did not become available to the taxpayer or subject to his control and disposition until 1936, and at all times prior thereto the possibility existed that he might never receive it.[2]

■ The taxpayer also contends that Yount-Lee was his agent, partner, or joint venturer, because they owned undivided interests in the oil in place; and that, upon the sale of taxpayer's percentage of the oil, the proceeds constituted income to him whether distributed to him by Yount-Lee or not. Whether any such legal relation existed between the taxpayer and Yount-Lee was an inference of fact to be drawn from all the developed facts relating thereto. The finding of the Board that no such relationship existed is rested upon substantial evidence, and must be upheld.[3] Moreover, the premise upon which the conten-

tion is founded was the precise issue in litigation in the suit brought by the taxpayer's former wife; and the fact of ownership and the extent to which the very income in question belonged to the taxpayer was conjectural until settled by final decree in 1936.

The decisions of the Board of Tax Appeals are affirmed.

HUTCHESON, Circuit Judge, concurs in the result.

---

[1] Burnet v. Logan, 283 U.S. 404, 51 S. Ct. 550, 75 L.Ed. 1143.

[2] Cf. London-Butte Gold Mines Co. v. Commissioner, 10 Cir., 116 F.2d 478; Commissioner v. Southeastern Express

Co., 5 Cir., 56 F.2d 600; H. Liebes & Co. v. Commissioner, 9 Cir., 90 F.2d 932.

[3] Commissioner v. Horseshoe Lease Syndicate, 5 Cir., 110 F.2d 748; Commissioner v. Rector & Davidson, 5 Cir., 111 F.2d 332.