IDA S. AUSTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5751.   Promulgated March 29, 1946.

*Ashley M. Van Duzer, Esq.*, and *Charles O. DeWoody, Esq.*, for the petitioner.

*Thos. F. Callahan, Esq.*, for the respondent.

## OPINION.

DISNEY, *Judge*: We have presented here a question as to whether a taxpayer, on the cash basis, who makes a gift of a note, with interest

accrued thereon, is taxable upon such interest, if it was paid during the same taxable year in which the gift was made. The maker of the note did not have, at the date of the gift, cash on hand sufficient to pay the interest, but had assets ample for the satisfaction of note and interest and, he having been killed in an accident less than three weeks after the gift, the executors of the estate paid the interest before the year had ended.

We have excluded from the above statement of the issue the $3,415.73 interest accrued at the date of gift, but not paid until the next year. *Annie A. Colby*, 45 B. T. A. 536, is clear authority that it is not, in the taxable year, the income of the petitioner. Though concluding his brief by the request that the Commissioner's determination be approved, the respondent heads his argument: "The amount of interest due on the note which was paid during the taxable year and which petitioner donated to her children on November 16, 1940, was properly included by the Commissioner in her taxable income for that year."

The petitioner's view is, in short, that this case differs from others in that the note, as well as the interest income, was the subject of the gift, that she had no expectation of payment of interest or principal at any foreseeable time in the future, that the debtor had no funds with which to pay, and that there was no motive to escape taxes, the basis, it is urged, of cases holding gifts of income to be taxable.

In the light of what the Supreme Court said in *Helvering* v. *Horst*, 311 U. S. 112, petitioner's view, in our opinion, should not be sustained. That opinion is not based upon any idea that there was intent in the donor to escape taxes. In *Annie A. Colby*, *supra*, we said: "The gift and the collection of the interest in the *Horst* case occurred in the same taxable year. The Supreme Court decided that, where both of those events occur in the same year, the interest is taxable in that year to the donor on a cash receipts basis." Though, of course, as above seen the *Colby* case did not involve interest collected in the year of gift, nor decide the problem here at hand, nevertheless, we think the quoted statement is accurate; and under the *Colby* case, the gift alone did not cause realization of income from the interest. In the *Horst* case the Court says that the exercise of "power *to procure the payment* of income to another is the enjoyment and hence the realization of the income * * *," and more specifically: "It is the exercise of the power of disposition of the interest or compensation *with the resulting payment* to the donee, which is the enjoyment by the donor of income derived from them." (Above italics ours.) Not only does the Court thus clearly find the economic satisfaction considered requisite, in gift and payment, but it goes on to dispose of the idea advanced by petitioner here, that there is distinction between a gift of a note bearing

interest, and mere gift of income, for, referring to *Blair* v. *Commissioner*, 300 U. S. 5, where gift of property earning income was held not gift of income, the Court says:

\* \* \* Since the gift was deemed to be a gift of the property the income from it was held to be the income of the owner of the property, who was the donee, not the donor, a refinement which was unnecessary if respondent's contention here is right, but one *clearly inapplicable to gifts of interests or wages.* \* \* \* [Italics supplied.]

The interest here involved had already been earned by the principal at the date of gift. The tree had borne the fruit, and it had ripened. That it had not been plucked, is seen as immaterial. The donor had the satisfaction, during the taxable year, of seeing the harvest by her children, the objects of her bounty in the gift. Under the *Horst* case, that is such economic satisfaction as spells income. Therefore, that the petitioner thought nothing, at the time of gift, about the collection of the interest in the foreseeable future, as petitioner contends, and that the debtor had insufficient cash at that date to pay the interest, appears immaterial. She nevertheless, before the year was out, saw such interest collected by those for whom she intended it, ultimately at least. No less intent can be assumed from the fact of gift. Nor does the fact of payment of gift tax militate against the soundness of the theory of the *Horst* case; it is in fact consistent with it, for, as there said:

\* \* \* The enjoyment of the economic benefit accruing to him by virtue of his acquisition of the coupons is realized as completely as it would have been if he had collected the interest in dollars and expended them for any of the purposes named. *Burnet* v. *Wells, supra* [289 U. S. 670].

We conclude and hold that the Commissioner did not err in including in petitioner's gross income the interest earned to the date of the gift, and paid within the year, but that he erred in including the interest paid in the following year.

*Decision will be entered under Rule 50.*