**UNITED STATES v. BERMAN.**

Crim. A. No. 17417.

District Court, N. D. Georgia,
Atlanta Division.

Nov. 26, 1947.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., and Howard G. Campbell, Sp. Asst. to the Atty. Gen., for plaintiff.

Hal Lindsay, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on for hearing upon the renewed motion for judgment of acquittal and motion for new trial, was heard, and briefs subsequently submitted.

The indictment charges fraudulent evasion of income taxes for three years, 1938, 1939 and 1940.

The deficiency alleged in the first count for the year 1938 was $1128.09; that in the second count for the year 1939, $6176.-50; and that in the third count for the year 1940, $1558.57.

In each instance the deficiency for the most part appears in items shown upon the Government's computation as dividends and rents, and these items in turn were made up from what the Government alleges are the personal accounts of Mr. Berman, but which, as a matter of fact, are accounts appearing on the books of the Georgia Motor Express, Inc., under the headings: "Jack Berman, President and General Manager", and "Service Stages for Jack Berman".

These accounts were not solely personal accounts, but seem to have been mere dumping grounds inexpertly used by the bookkeeper to place both items which were personal to defendant and also those which should properly have been entered as corporate items. Record, Vol. 7, pp. 39, 40.

■ The Government took the position that all items on these accounts were properly charged to income where defendant could not give a satisfactory explanation. In other words, placing the burden upon the defendant of proving that they were not income although in a criminal case the Government is required to prove beyond a reasonable doubt that they constituted taxable income and that the failure to return same was willful.

These accounts are made up of a great number of items ranging from a few cents to several thousand dollars.

The items charged against defendant as income by the Government are taken from these accounts, but defendant was never furnished with any breakdown of the accounts showing the particular items which the Government claimed constituted personal items, but merely alleged total sums as deficiencies in the indictment.

Defendant filed a motion for a bill of particulars but this was unhappily denied by the Court, resulting in a situation where defendant was called into court without opportunity of knowing in advance what particular items he would have to challenge as being personal income.

These accounts, however, were gone into item by item at the trial, many of which defendant satisfactorily explained, others admitted, and still others as to which he could only answer that he could not remember and explain because the transactions took place many years ago.

The Government Examiner, who made the audit upon which the indictment is founded, testified that this was the method he used and that he based his computations, not on personal knowledge, but only upon inspection of the books, checks, and information received orally from employees in the nature of hearsay and not traced back to the original source.

He testified further that he relied upon his own personal judgment in determining whether to charge an item to income of defendant or to corporate expense (Record, Vol. 9, pp. 11, 17; Vol. 10, p. 74), and that he would charge an item to income if it was credited on the account to defendant whether rightly or wrongly and whether actually received by him or not (Record, Vol. 8, pp. 15, 16, 35, 58, 59), and this without proof that the financial condition of the corporation made the amount available to defendant.

The evidence showed that the two corporations were in continuous financial difficulty and that defendant had made large loans, still unpaid, to them, and had never received even the amounts of salary he returned as income, unless the mere bookkeeping entries of credits be correct and properly chargeable as income.

■ Books of account "are no more than evidential, being neither indispensable nor conclusive. The decision must rest upon the actual facts." Doyle v. Mitchell Bros. Co., 247 U.S. 179, 187, 38 S.Ct. 467, 470, 62 L.Ed. 1054. "The taxpayer therefore, is under no obligation to pay a tax

on income he might never receive. North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197. A strained construction in administrative efforts to accrue income should be avoided." Commissioner of Internal Revenue v. Edwards Drilling Co., 5 Cir., 95 F.2d 719, 720. See also, Farrell v. Commissioner, 5 Cir., 134 F.2d 193, 194.

The several counts of the indictment will be considered separately in the light of the facts and the authorities quoted above.

### Count One.

With respect to Count One, the account as set up in the indictment and as stated in defendant's tax return, is as follows:

Indictment:

| | |
|---|---:|
| Salaries | $ 6,700.00 |
| Dividends | 10,141.97 |
| Partnership | 362.79 |
| Rents | 1,481.54 |
| Short Term Capital Gain | 851.66 |
| Long Term Capital Loss | (878.51) |
| | $18,659.44 |

Less: Contributions $360.00
 Interest 56.74 416.74

$18,242.70

Tax: $1,255.75.

Tax Return:

| | |
|---|---:|
| Salaries | $ 7,062.79 |
| Rents | 495.00 |
| | $ 7,557.79 |
| Less: Contributions | 360.00 |
| | $7,197.79 |

Tax: $127.66

■■ It will be seen that, if the items of Salaries and Partnership in the indictment statement be compared with defendant's return of salary, there is no difference. The credit for contributions is the same in both. Defendant failed to return short-term capital gain and short-term capital loss, claiming, as the evidence seems to establish, that they were Company transactions, but even if his, these items can-

celled each other out except to the extent that the loss was greater than the gain in the sum of $26.86. It also appears that defendant failed to return an item of $56.-74, but it is a question as to whether or not this is a corporate expense, and this fact alone would hardly show criminal intent.

■ This leaves only two items of importance. Defendant returned rents of $495.00, as received, while the Government charges that this item should have been $1481.54. Defendant's return did not show any dividends received, while the Government charges an item of this nature in the sum of $10,141.97. The merits of the case on Count One hinge on these two items.

■ Defendant contends that his return of $495.00 rent was correct and that the difference between his return and the indictment statement is due to the improper charge to him of $986.54 which represented rent due to his wife for rental of her property in Anniston, Alabama, which was used by the Georgia Motor Express, Inc., as a terminal. No competent evidence was adduced to show this to be untrue or that the difference should be properly charged against defendant as income.

This leaves for consideration only the item of dividends. Except for unimportant amounts, of which defendant admits $125.00, there were no technical dividends received by him personally, but only bookkeeping credits and alleged unreported items covering cash withdrawals, personal insurance premiums and personal expenses paid from corporate funds. The Government labels these as informal dividends and they constitute the item set up in the indictment as dividends.

■ Under this head, the largest item, $5,733.67, is referred to as cash withdrawals. Of this, $5000.00 arose out of security transactions in which defendant bought for the Corporation and with its funds certain stocks which were later sold and the entire proceeds, cost and increments, deposited in the corporate bank account and accepted and used as corporate funds. This was corporate business and defendant received no personal income or benefit therefrom. The balance of the item, $733.67, is made up of items clearly corporate ex-

penses or not shown to have been properly chargeable to defendant.

 As to the balance which the Government maintains should have been returned under the head of dividends, defendant admits that he should have been charged with $833.39 for life insurance premiums paid by the Corporation and that the rest is corporate · expense. But even if defendant was properly chargeable with these insurance premium payments, he had ample capital funds in the Corporation which should have been charged with same if his salary credits were insufficient for this purpose. The last item under the head of dividends, cash received from Service Stages for personal expenses, was made up of items relating to a security transaction to the extent of $1634.16 and $900.00 relating to the Rothberg deal and $75.00 legal expense, all clearly corporate charges and not income to defendant. Part of the balance, where shown to have been received by defendant, appears to have been for legitimate corporate expense and not shown by the evidence to have been received by defendant or chargeable as income to him.

The evidence as a whole does not support the verdict on this count. The motion for judgment of acquittal is granted and proper order will be entered thereon.

### Count Three.

An analysis of the evidence relating to this count shows similar results to those following the analysis of the evidence on the first count and similar conclusions follow. It is not necessary to repeat the reasons for the conclusions reached. The motion for judgment of acquittal, therefore, is granted with respect to this count also, and proper order will be entered thereon.

### Count Two.

Count Two, although raising similar questions as these discussed with respect to Counts One and Three, presents a slightly different situation owing to the great number of items involved and dispute as to the nature of most of them. These items cover a range of credits to defendant as income from nine cents to several thousand dollars. A great number of the items in-

cluded as income to defendant clearly show on their face that they represented payment of claims arising out of the transportation business and expense of transacting the ordinary business of the Corporation and not income to defendant. Detailed statement of other items charged by the Government as income was only presented at the time of trial and because of the number and age of such transactions, satisfactory explanation and allocation of them to proper accounts was impossible during the trial. This was attempted by defendant during the trial though the burden rested upon the Government to prove that such items were income chargeable to defendant. The evidence as presented at the trial was insufficient to support the verdict. It will, therefore, be set aside and a new trial granted as to this Count.

Let proper orders and judgment in accordance with the above be prepared and submitted.