PARR et al. v. SCOFIELD, Collector of
Internal Revenue.

No. 13160.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1950.

Muckleroy McDonnold, San Antonio, Tex,. for appellants.

Carlton Fox, Ellis N. Slack, and Lester L. Gibson, Special Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Henry W. Moursund, U. S. Atty. San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment denying appellants relief in an action to recover deficiency income taxes and interest paid by them for the year 1944 in the respective amounts of $93,173.34 and $94,323.98. These are the pertinent facts:

In 1936, George B. Parr obtained an oil and gas lease which he transferred to Hamill & Smith, a partnership, with the

oral understanding that he was to have a one-fourth interest in the lease and equipment, and that Hamill & Smith were to operate the property, pay all expenses, and pay to him one-fourth of the net profits from the property. After production was obtained under the lease, Hamill & Smith disputed the existence of the agreement, and Parr brought suit against them in the state court. Parr assigned 45% of his interest in the property and accumulated income to his lawyers. The suit was ultimately decided in Parr's favor, and he was adjudged to possess a one-fourth interest in the lease and equipment, and to be entitled to be reimbursed for one-fourth of the profits earned in the prior years, as well as to receive a similar portion of the profits earned in the future. As a result of the suit, Parr and his wife, who were divorced after this suit was filed, received the following sums of money from Hamill & Smith during the year 1944:

55% of 25% of net income from the lease, ............ $165,554.30
55% of 25% of interest allowed on the judgment, .......... 22,868.58

Total, .............. $188,422.88

In 1945, Parr and his wife filed separate returns for the year 1944, in which they reported one-fourth of the net income from the 1944 operations of the lease. They did not report any income from the lease attributable to operations prior to 1944; but they filed amended returns for the years 1940 to 1943, inclusive, in which they reported their distributive share of net income from the lease. During the year 1945, they filed delinquent partnership income tax returns in the name of Hamill & Smith & Parr for the years 1936 to 1943, inclusive.

Upon examination of appellants' 1944 income tax returns, the Commissioner found that the amount collected on the state court judgment, plus the fair market value of appellants' interest in the lease and equipment, constituted income from litigation for the year 1944 not subject to any depletion allowance. As a result of this finding, the Commissioner assessed additional taxes and interest against George B. Parr and Thelma D. Parr in the respective amounts of $93,219.40 and $93,370.06. Appellants paid the additional assessments, and then filed claims for a refund, which were rejected. Then they filed this suit in the court below to recover the amounts alleged to be illegally assessed against them. The lower court denied recovery, holding that the taxpayers were required to report in 1944, as income, the sums recovered by them in 1944 in the state court. In so holding, the court rejected the taxpayers' contention that, because Parr was a member of a partnership, the income should have been taxed in the years when earned, as well as their contention that they were entitled to a deduction for depletion under Section 23(m) of the Internal Revenue Code, 26 U.S.C.A. § 23(m).

We think that the lower court was correct in concluding as a matter of law that the determination of the Commissioner, resulting in the deficiency assessments, was correct. Appellants base their case on the contention that Parr had an undivided one-fourth interest in the property from date of its acquisition; that Hamill & Smith received the income and made disbursements for themselves and Parr; and that such relationship established a joint venture for income tax purposes under Section 3797(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 3797(a) (2). In Farrell v. Commissioner of Internal Revenue, 5 Cir., 134 F.2d 193, certiorari denied in 320 U.S. 745, this court held that the essential issue concerning the existence of an asserted joint venture was a question of fact for decision by the trial court. The court below has resolved this issue of fact against the appellants; and, since we are not convinced that it is clearly erroneous, we are not at liberty to disturb the finding of the trial court.

Even if Parr had been able to establish a partnership or joint venture, he would not be entitled to a recovery, because our decision in Farrell v. Commissioner of Internal Revenue, supra, also held that income recovered by litigation was taxable in the year recovered, rather than in the prior years when earned by the alleged partnership. Parr had no recognized right to any

partnership property or earnings during the time Hamill & Smith were actually contesting his claim; and he had no distributive share of partnership earnings that could be reported for income until the termination of the litigation. The appellants are entitled to no depletion deduction, because they had no known, established, or legally recognized interest until the litigation in the state court was determined. The amount paid to Parr by Hamill & Smith representing past profits, earned by them before his interest in the property was established, was not depletable income in Parr's hands. See Massey v. Commissioner of Internal Revenue, 143 F.2d 429, 431.

During the time Hamill & Smith were contesting the existence of Parr's interest in the property, they were required to report the entire income from the property as their taxable income, and were entitled to depletion deductions thereon. The government dealt with them, and allowed such deductions. The judgment appealed from is affirmed.

Affirmed.

RUSSELL, Circuit Judge.

I concur in the judgment of affirmance.