**FLOYD et al. v. SCOFIELD, Collector of Internal Revenue.**

No. 13676.

United States Court of Appeals Fifth Circuit.

Jan. 4, 1952.

Robert K. Jewett, Homer L. Bruce, Houston, Tex., for appellants.

S. Dee Hanson, Sp. Asst. to the Atty. Gen., Henry W. Moursund, U. S. Atty., San Antonio, Tex., Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is a suit to recover income taxes alleged to have been wrongfully exacted from R. E. Floyd, the original plaintiff, who died during the pendency of the suit and his executors substituted in his stead.

The facts are that Keystone-Garrett Company, a Texas corporation, was the owner of gas and oil producing properties, the products of which it was engaged in selling to pipe line purchasers. On or about the 20th of each month, the purchaser would remit to said corporation for oil and gas purchased during the preceding calendar month. For income tax purposes, the corporation kept its accounts and reported its income on the cash receipts and disbursement method, for fiscal years ending each November 30th.

On October 2, 1944, the corporate stockholders adopted a plan for liquidating and dissolving said corporation, under which substantially all its assets, except cash, but including the accounts receivable, hereinafter mentioned, for oil and gas sold during September, 1944, were presently distributed amongst the stockholders by a deed of conveyance executed contemporaneously with the adoption of said plan of liquidation. One of these stockholders was R. E. Floyd, the original plaintiff herein. The corporation was dissolved, effective October 27, 1944.

During September, 1944, the corporation sold and delivered to pipe line purchasers oil and gas valued at $57,050.31, for which it was entitled to receive payment, and for which checks, payable to said company, and aggregating $57,050.31, were received by the company after October 2, 1944, when the liquidation plan was adopted, but prior to October 27, 1944, when the corporation was dissolved. These monies were not placed in the corporation's bank account, nor entered in its records, but the checks were endorsed by a corporate officer to two individuals as agents, who deposited the checks in a special bank account kept by them, apparently for the purpose of distributing the same to the individual stockholders to whom it had been allocated in the liquidation plan.

The corporation did not report this sum as corporate income, insisting that since the corporation was on a cash basis of receipts and disbursements, and since the funds had been received subsequent to October 2, 1944, when the liquidation plan was adopted, and since this account receivable was assigned to the individual stockholders before payment, the funds did not constitute corporate income, and were not taxable as such.

On audit and review of the 1944 corporate income tax return, the Commissioner of Internal Revenue disagreed. Since the income in question was fully earned, and the corporation entitled to receive it prior to the October 2nd liquidation, the Commissioner included it in the 1944 corporate income, and entered a deficiency assessment based thereon against R. E. Floyd, the original plaintiff herein, as transferee of the corporation, the corporation itself then being dissolved and without assets. Floyd paid the deficiency under protest. His claim for refund being denied, he instituted this suit to recover the same.

The question here, as in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 146, 85 L.Ed. 75, is whether one who is presently entitled to receive income, and who is taxable only on receipt of payment, can escape taxation by giving away his right thereto in advance of actual payment. In the Horst case, the Supreme Court answered that question negatively, saying: "But the rule that income is not taxable until realized has never been taken to mean that the taxpayer, even on the cash re-

ceipts basis, who has fully enjoyed the benefit of the economic gain represented by his right to receive income, can escape taxation because he has not himself received payment of it from his obligor." The Court there held that the person entitled to receive the income remained taxable therefor, even though his enjoyment thereof was consummated by an event other than the taxpayer's personal receipt of the money, for the reason that where the taxpayer diverts the payment from himself to others as a means of procuring satisfaction of his economic desires, he has in effect enjoyed the fruits of his investment as though he had collected the proceeds himself.

We agree with the trial court in holding that notwithstanding the liquidating conveyance the funds in question were taxable as corporate income. The funds represent the purchase price of property owned and sold by the corporation, in transactions completed prior to the liquidation. The corporation was the owner of the funds. It could have reduced them to possession at any time. The checks were made payable to the corporation and were delivered to it. It had the choice either to collect them itself, or to direct the payment thereof to others. In electing the latter course, it exercised its power of ownership over the funds by directing payment thereof directly to its stockholders, thus enjoying an economic benefit equivalent to the actual collection of the money by the corporation. As was further said in Helvering v. Horst, supra: "The power to dispose of income is the equivalent of ownership of it. The exercise of that power to procure the payment of income to another is the enjoyment and hence the realization of the income by him who exercises it. * * * The dominant purpose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid."

To hold that the corporation is not liable in these circumstances would enable it to escape taxation by the simple device of dissolving prior to the actual collection by it of monies fully earned by and payable to the corporation *before* liquidation. Helvering v. Horst, supra. See also Commissioner of Internal Revenue v. First State Bank of Stratford, 5 Cir., 168 F.2d 1004, 7 A.L.R.2d 738; Austin v. Commissioner, 6 Cir., 161 F.2d 666; Anthony's Estate v. Commissioner, 10 Cir., 155 F.2d 980; Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981.

As the corporation was without assets after October 2, 1944, the tax was properly assessed against R. E. Floyd, as a transferee of property of that corporation having a value in excess of the tax. Sec. 311, Int.Rev.Code, 26 U.S.C.A. § 311.

The method of accounting employed by the corporation with respect to this transaction does not clearly reflect the corporate income. The Commissioner was well within his authority under Sec. 311, Int.Rev.Code, 26 U.S.C.A. § 311, in reappraising the situation and requiring a computation by a method which clearly and accurately reflects the income in question.

Affirmed.