**B. A. BAKER and Lillian S. Baker, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 6187.**

United States District Court
W. D. Oklahoma.

May 26, 1955.

Byron V. Boone, Tulsa, Okl., for plaintiffs.

Paul W. Cress, U. S. Atty., and Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., Lester L. Gibson, Spe. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen. and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on brief), for defendant.

VAUGHT, Chief Judge.

In this case the material facts are stipulated. The plaintiff B. A. Baker, in the year 1932, entered into a verbal contract with A. H. Kasishke whereby Baker and Kasishke would engage in the oil business. Kasishke to advance the necessary funds and render some personal services and Baker to contribute his entire time for a nominal salary and ten per cent of the profits and a like interest in all the properties after Kasishke had been repaid the monies he advanced. Kasishke organized the Coralena Oil Company which subsequently took title to the oil properties involved in the joint venture. The joint venture was very successful. Kasishke and Baker became estranged in 1938, and in 1939 Baker terminated the agreement by resigning. His withdrawal from the venture was brought about by the deliberate conduct of Kasishke, Baker being in no wise at fault. Thereupon, Baker instituted an action against Kasishke to recover his one-tenth interest in the oil properties and for an accounting. This action was tried in the United States District Court for the Northern District of Oklahoma, and subsequently appealed to the Court of Appeals for the Tenth Circuit. Kasishke v. Baker, 146 F.2d 113, certiorari denied, 325 U.S. 856, 65 S.Ct. 1185, 89 L.Ed. 1976. In said action the Court found that Baker and Kasishke had entered into a joint-venture contract in September, 1932; that Baker was entitled to a ten per cent interest in all properties from that date to the date of his resignation, which was June 3, 1939; and that he was entitled to ten per cent of the profits on all the properties acquired from 1932 to 1939.

As a result of the accounting decreed in the case of Baker v. Kasishke, Baker received as his distributive share of the income from the joint venture during the year 1945, the sum of $168,559.12 which income is the subject matter of this proceeding. The said income was earned by the joint venture during the years 1941 to 1944, and Baker's distributive share of taxable income was as follows:

| Year | Distributive Share | Taxable Income Distributive Share Less Statutory Depletion |
|---|---|---|
| 1941 | 20,687.75 | 11,733.80 |
| 1942 | 33,924.46 | 24,680.75 |
| 1943 | 63,174.35 | 41,402.61 |
| 1944 | 50,772.56 | 32,080.52 |
| Total | 168,559.12 | 109,897.68 |

It is the contention of the plaintiff that since the Court of Appeals, as well as the District Court, held that there was a joint venture beginning in 1932, said sum of $168,559.12 should have been taxable to the plaintiff in the years in which it was actually earned by the joint venture. It is the contention of the defendant that said partnership was not effective until after the decision of the court that said relationship between Baker and Kasishke constituted a joint venture, and, therefore, said sum was taxable in the year in which it was actually received by Baker. Thus the sole question is: Was Baker entitled to have this income taxable during the years in which it was actually earned by the joint venture, or taxable the year that it was received by Baker?

Title 26, U.S.C.A. § 182 provides:

"In computing the net income of each partner, he shall include, whether or not distribution is made to him—

\* \* \* \* \* \*

"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183 (b)."

Section 3797(a) (2) provides:

"The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization."

Both plaintiff and defendant cite the case of First Mechanics Bank of Trenton, N. J., v. Commissioner of Internal Revenue, 91 F.2d 275, 279, wherein the Court of Appeals for the Third Circuit held:

"The income due each partner in a partnership, including a joint enterprise such as we have in the case at bar, is taxable to him for the year in which it was received by the partnership, whether or not it is distributed to him in that year, and the statute of limitations begins to run as to the partner from that time. Appeal of Fred Truempy, 1 B.T.A. 349; Appeal of Robert A. Faesy, 1 B.T.A. 350. Section 182 of the Revenue Act of 1934 (26 U.S.C.A. § 182) provides that: 'There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year.'

"This provision is found in substantially the same form in all the Revenue Acts."

This opinion was followed by the same court in Commissioner of Internal Revenue v. Goldberger's Estate, 3 Cir., 213 F.2d 78, decided April 29, 1954, and in Stoumen v. Commissioner of Internal Revenue, 3 Cir., 208 F.2d 903, wherein the government had taken a position exactly opposite to its position in the case at bar, and in that case the government was sustained.

The conclusion of this court, therefore, is that since the District Court and the Court of Appeals held that the joint venture became effective in 1932, it was effective on that date for all purposes and whatever income resulted therefrom was taxable to the partners in the joint venture in the year that it was actually earned by the partnership whether the partners received it or not.

Consistent, therefore, with this opinion, the findings of fact and conclusions of law submitted by the plaintiff are approved. A form of decree may be submitted within fifteen days.