**UNITED STATES of America,**
**Appellant,**

v.

**B. A. BAKER and Lillian S. Baker,**
**Appellees.**

**No. 5223.**

United States Court of Appeals
Tenth Circuit.

May 3, 1956.

———◆———

C. Guy Tadlock, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, and Grant W. Wiprud, Attys., Dept. of Justice, Washington, D. C., Paul W. Cress, U. S. Atty., and Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for appellant.

Byron V. Boone, Tulsa, Okl., for appellees.

Before BRATTON, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This appeal presents the question of whether the sum of $168,559.12, received by B. A. Baker during the year 1945, is taxable in that year or in the years 1941 through 1944 when it was actually earned by a joint adventure, the existence of which was disputed and established by litigation. The trial court held that the amount received was taxable to the individual joint adventurers during the years in which it was received by the joint adventure, D.C., 133 F.Supp. 666.

The facts are stipulated. In 1932, Baker and A. H. Kasishke associated together in the oil business. The venture proved to be very successful but in 1939 a disagreement arose and Baker withdrew from active participation. Kasishke refused to recognize that Baker had any interest in the property and an action was brought in the United States District Court for the Northern District of Oklahoma, which resulted in a judgment holding that the association was a joint venture and requiring Kasishke to account to Baker for ten percent of the profits. This judgment was affirmed. Kasishke v. Baker, 10 Cir., 146 F.2d 113, certiorari denied 325 U.S. 856, 65 S.Ct. 1185, 89 L.Ed. 1976.

Pursuant to this judgment, an accounting was had in 1945, and Baker received $168,559.12 as his share of the earned income of the joint venture for the years 1941, 1942, 1943, and 1944. There was no dispute as to the amounts received by the venture during each of these years. Baker included the total amount in his 1945 income tax return and later filed a claim for refund upon the grounds that it was taxable to him in the amounts earned for each of the aforesaid four years. This action was brought when the claim for refund was denied.

Applicable sections of the Internal Revenue Code of 1939 are as follows:

26 U.S.C.A. § 42:

"(a) General rule. The amount of all items of gross income shall be included in the gross income for the

taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *"

26 U.S.C.A. § 182:

"In computing the net income of each partner, he shall include, whether or not distribution is made to him * * *

"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b)."

26 U.S.C.A. § 3797(a) (2):

"The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization."

It is the contention of the United States that section 182 is inapplicable because the income was received in 1945 as a result of a judgment obtained in litigation which established the joint venture, therefore was controlled by the rule that such income is returnable in the year of recovery rather than when earned and received by the joint adventure, regardless of the accounting method employed by Baker. Treasury Regulation 111, Sec. 29.42–1;[1] United States v. Safety Car Heating & Lighting Co., 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500; North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L. Ed. 1197; London-Butte Gold Mines Co. v. Commissioner, 10 Cir., 116 F.2d 478.

The reason for the rule in the foregoing cases is that so long as the right to profits is being litigated, the taxpayer has no fixed or absolute right to them and his claim may never ripen into ownership. These cases, however, do not deal with undisputed income to a partnership where the only contest is over the existence of a partnership or the division of the profits. Section 182 was not considered or applicable. In Farrell v. Commissioner, 5 Cir., 134 F.2d 193, certiorari denied 320 U.S. 745, 64 S.Ct. 47, 88 L.Ed. 442; and Parr v. Schofield, 5 Cir., 185 F.2d 535, certiorari denied 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686, it was found that there was no existing partnership or joint enterprise but it was indicated that the rule requiring proceeds from a judgment to be returned the year of recovery would apply when the relationship is established by litigation.

The trial court, and we think rightly so, followed the decisions of the Third Circuit, where on similar facts, the question as to the applicability of Section 182 was considered. First Mechanics Bank of Trenton v. Commissioner, 3 Cir., 91 F.2d 275; Commissioner of Internal Revenue v. Goldberger's Estate, 3 Cir., 213 F.2d 78, 82.[2] These cases hold that where the income is earned and received

---

1. Treasury Regulation 111, Sec. 29.42–1 provides:

"When Included In Gross Income.—(a) *In general.* * * * If a person sues in one year on a pecuniary claim or for property, and money or property is received on a judgment therefor in a later year, income is realized in the later year, assuming that the money or property would have been income in the earlier year if then received. * * *"

2. In the First Mechanics case, one of the principal issues was the existence of a joint venture. In the Goldberger case, the litigation was to recover withheld joint venture profits. The Commissioner contended in each case that the claim of the taxpayer was inchoate and contingent, therefore not income until actually received by the taxpayer. In answering this contention, the court said: "But, says the Commissioner, all that Goldberger had in 1933 was inchoate, contingent claim, which is not income. The leading case of United States v. Safety Car Heating & Lighting Co., 1936, 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500, is relied upon. We think that case and its progeny inapplicable here for the same reason this court held it inapplica-

by a partnership, the non-receipt of the income by a partner is immaterial and that under the provisions of Section 182, the income is taxable to the individual parties during the year of receipt by the partnership, even though there was a dispute between the partners as to the right of one of them to such income and the receipt thereof was delayed by litigation. In the First Mechanics Bank case, supra [91 F.2d 279], the court said:

"The profits were realized by the joint adventure at that time [1916] and there was nothing conditional or contingent about their receipt. They were earned and paid. Bird, therefore, was legally entitled to his share of the profits which was $312,-723.46, and was taxable on that share although he did not actually receive it in that year."

In Stoumen v. Commissioner, 3 Cir., 208 F.2d 903, the Commissioner successfully maintained the opposite view from that which he advocates here. In that case, a partner was required to return his share of unknown partnership income during the year in which it was received by a partnership, as a result of nefarious acts of a partner.[3]

In the case at bar, the joint venture not only had an absolute and fixed right to the income, but received it during the years prior to 1945. The fact that one partner may dispute another partner's right to income, or even the existence of the partnership, would not prevent the application of Section 182, if in fact the partnership existed. Baker received the income because he was associated in the joint venture, or partnership, and for no other reason; therefore we hold that the plain language of Section 182 requires him to return the income during the year received by the joint venture.

Affirmed.

---

ble in First Mechanics Bank, supra, 91 F.2d at page 279–280. The Safety Car Heating case did not involve a partnership or joint venture. Here, the profits were realized by the joint venture in 1933. There was nothing conditional or contingent about their receipt. They were earned and paid in 1933. Goldberger, therefore, was legally entitled to his share of those profits and was taxable on that share although he did not actually receive it in that year. The statute made his non-receipt irrelevant. The fact that he was deceived and was ignorant of the full extent of the gain did not change the fact that profits had been received in 1933 by the joint ven-

ture, and his share was income taxable to him in that year."

3. In the Goldberger case, 213 F.2d 78, 83, the court, in commenting on the Commissioner's position in the Stoumen case, supra, said: "Having been so recently convinced in the Stoumen case, supra, that Section 182 required that the taxpayer lose there, we remain convinced that that section requires that the taxpayers win here. The Commissioner's brief in that case presents a compelling argument in the taxpayers' favor here. Thus, although there may be no requirement that the Commissioner argue consistently from case to case, we must decide consistently, so far as we are able."