**IDAHO FIRST NATIONAL BANK,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16004.

United States Court of Appeals
Ninth Circuit.

March 10, 1959.

Myron E. Anderson, Eugene H. Anderson, Anderson, Kaufman & Anderson, Boise, Idaho, for appellant.

Charles K. Rice, Asst. Atty. Gen., C. Guy Tadlock, Lee A. Jackson, A. F. Prescott, Loring W. Post, Attorneys, Department of Justice, Washington, D. C., for appellee.

Howe, Davis, Riese & Jones, John M. Davis, James H. Madison, Seattle, Wash., amici curiae.

Before POPE, HAMLEY and HAMLIN, Circuit Judges.

POPE, Circuit Judge.

This was an action brought to recover a sum paid under protest as an assessed deficiency in income taxes. The deficiency was assessed against the plaintiff bank, appellant here, as transferee of the assets of the Wendell National Bank of Wendell, Idaho; that is to say, the taxable income here in question was that of Wendell National Bank.

Wendell National Bank had operated for many years when, on May 10, 1952, appellant bank purchased from Wendell's stockholders all of that bank's stock for the purpose of acquiring its assets. The same day, Wendell was dissolved and all its assets and liabilities distributed to appellant.

Included in these assets were notes evidencing outstanding loans of the Wendell bank on which neither principal nor interest was then due or payable. At the time of liquidation the accrued interest earned but not then payable on these notes receivable was computed. It totaled some $13,191.19.[1]

The Wendell bank had always reported its income for tax purposes on the cash basis method of accounting. After the liquidation, and on June 20, 1952, a corporation income tax return for the period January 1, 1952 through May 10, 1952, was filed on its behalf.

After several false starts[2] appellant took the position that this interest, accrued but not yet due or payable, could not be included as taxable income to the Wendell bank. Its position then and now, was and is that since the Wendell bank had consistently reported its income and deductions for income tax purposes on a cash receipts and disbursements method of accounting, the Commissioner was without power to include in its income interest that was neither due nor payable on unmatured notes. The Commissioner, however, ruling that the accrued interest on notes receivable should be included as taxable income of the Wendell bank, assessed as a deficiency the additional tax called for by that ruling. Plaintiff, liable as assignee of assets, paid the amount assessed under protest, filed claim for refund, and on its rejection brought this suit.

When interest on the notes here described was ultimately collected by appellant, it reported it as income but offset the collections against the allocated cost of the accrued interest on notes receivable, so that all of the amount collected was recovery of cost and not subject to income tax.

In making his ruling the Commissioner relied upon § 41, Internal Revenue Code of 1939, 26 U.S.C.A. § 41,[3] provid-

---

1. Expenses attributable to this accrued interest on notes receivable had been deducted for income tax purposes when paid by the Wendell National Bank prior to its liquidation. Unpaid accrued expenses of the Wendell National Bank had not been deducted for income tax purposes at the date of liquidation.

2. The first return for Wendell for the period mentioned included as taxable income accrued interest on notes receivable in the amount of $10,843.55, and appellant bank, as the party responsible for the tax, paid the tax shown thereon. After this payment, and on November 18, 1954, the Commissioner's agent examining the return decided that the accrued interest should be eliminated from the income, since the bank "has always kept records and filed returns on the cash basis."

Accordingly an overassessment was found and refund made to appellant. Thereafter, and about October 4, 1955, the Commissioner reversed his ruling and made the deficiency assessment here in issue.

3. "§ 41. General rule. The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

ing that if the taxpayer's method of accounting "does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

As the stipulation of facts recognizes, this interest was "accrued" in that it was an asset, so treated for bookkeeping purposes. All services or extensions of credit necessary to establish the right to this interest and income had been executed. In substance and effect, though the disposition of the assets was accomplished through the device of selling and buying the stock of the shareholders, the Wendell bank realized income in the amount of the interest accrued just as if it had sold its assets under an arrangement whereby the value of the accrued interest was calculated as a part of the purchase price. Thus it may be suggested that the amount here involved was collected as part of the purchase price. Floyd v. Scofield, 5 Cir., 193 F.2d 594, 595.[4] The application in that case of the principles expressed in Helvering v. Horst, 311 U.S. 112, 116, 61 S.Ct. 144, 146, 85 L.Ed. 75,[5] and in

Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, was expressly approved by this court in United States v. Snow, 9 Cir., 223 F.2d 103, 109.

We think it plain that the action of the Commissioner in invoking his power under § 41, I.R.Code, (footnote 3, supra), to impose a method of accounting calculated to reflect the realities of the situation was clearly proper. For, as indicated above, when this interest was ultimately collected by appellant it was not income to it;—as the parties have stipulated, "all the amount collected was recovery of cost and not subject to income tax."

In this holding that the action of the Commissioner was authorized by § 41, we are supported by authority. In Jud Plumbing and Heating Company v. Commissioner, 5 Cir., 153 F.2d 681, a corporation reporting on the completed contract method was held properly placed on the accrual method for the tax period terminating with the corporate liquidation in order more clearly to reflect its income for the final period of its existence.[6] The Jud Plumbing case was cited and approved by this court in a case

4. "The question here, as in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L. Ed. 75, * * * is whether one who is presently entitled to receive income, and who is taxable only on receipt of payment, can escape taxation by giving away his right thereto in advance of actual payment. In the Horst case, the Supreme Court answered that question negatively, saying: 'But the rule that income is not taxable until realized has never been taken to mean that the taxpayer, even on the cash receipts basis, who has fully enjoyed the benefit of the economic gain represented by his right to receive income, can escape taxation because he has not himself received payment of it from his obligor.' The Court there held that the person entitled to receive the income remained taxable therefor, even though his enjoyment thereof was consummated by an event other than the taxpayer's personal receipt of the money, for the reason that where the taxpayer diverts the payment from himself to others as a means of procuring satisfaction of his economic desires, he has in effect enjoyed the fruits

of his investment as though he had collected the proceeds himself."

5. "But the rule that income is not taxable until realized has never been taken to mean that the taxpayer, even on the cash receipts basis, who has fully enjoyed the benefit of the economic gain represented by his right to receive income, can escape taxation because he has not himself received payment of it from his obligor."

6. "A corporation being a separate legal entity, its net earnings, whether ascertained or not, belong to it, and the tax upon unexempt income in each taxable year is chargeable to it, * * * and this liability cannot be discharged by the simple expedient of dissolution and the turning over of all its assets, including current and unreported income, to its sole stockholder, even though such corporation receives no money consideration for the transfer of such income. It is the actuality of income rather than its disposition that is important in determining the tax consequence." 153 F.2d at page 684.

where we likewise upheld a similar application of § 41. United States v. Lynch, 9 Cir., 192 F.2d 718, 721.

Standard Paving Co. v. Commissioner of Internal Revenue, 10 Cir., 190 F.2d 330, 332, was another case, like Jud Plumbing, supra, where a corporation had previously reported income on a completed contract basis. When certain construction contracts undertaken by the corporation were still uncompleted, its stock, all owned by a parent company, was surrendered and cancelled and the corporation dissolved. For the final period of its existence the corporation reported no income from these contracts. The Commissioner allocated a percentage of the total profit, computed to the date of dissolution, to the corporation's income. The Commissioner's position was that the strict application of the completed contract method did not clearly reflect the income. He thereupon exercised the authority granted by § 41.[7] Said the Court: "Sec. 41 of the Internal Revenue Code * * * provides that if the method of accounting regularly employed by the taxpayer does not clearly reflect the income, the computation shall be made in accordance with such method as, in the opinion of the Commissioner, does clearly reflect the income. The statute gives the Commissioner broad discretion in adopting a method which he believes properly reflects the income of the taxpayer. * * * His selection of such a method may be challenged only upon a clear showing that he had abused his discretion."

For the reasons there expressed we think the action of the Commissioner here was proper, and the assessment correct.

Appellant claims that the Wendell bank had expenses attributable to this accrued interest, and that the Commissioner failed to accrue those to the date of liquidation. As to those expenses, the parties stipulated that the facts were as stated in footnote 1, supra, which suggests that expenses had been deducted currently prior to the liquidation. If any were not so deducted, it was up to the taxpayer to prove their amount in the court below. In not doing so, it lost the right to argue about them now.

The judgment is affirmed.

---

7. The fact that the Commissioner expressly *exercised* his § 41 authority constitutes one basis for distinguishing the Standard Paving case and the present case from such cases as Commissioner of Internal Revenue v. Henry Hess Co., 9 Cir., 210 F.2d 553, upon which appellant relies. In the latter case there was no expressed opinion, or determination that a different method must be used so as clearly to reflect the income.